UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOVANE RIOS,<br><br>   Plaintiff,<br><br> v.<br><br>DAVID A. SNYDER,<br><br>   Defendant. | Civil Action No.<br>20-3227 (RBK) (KMW)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

  Plaintiff is a county inmate and he is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss the Complaint with prejudice.

## I. BACKGROUND

  The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names only David Snyder, Esq., as a Defendant in this matter. Plaintiff appears to be facing certain unspecified state charges and Mr. Snyder appears to be Plaintiff's Public Defender.

  According to Plaintiff, in August of 2019, a state court denied his motion to suppress, and Defendant "guaranteed" that he would file an appeal, but ultimately did not file an appeal. (ECF No. 1, at 5). Plaintiff complained to Defendant, as well as to the Public Defender's Office and Office of Attorney Ethics but received no response. It also appears that Plaintiff and Defendant dispute what the appropriate plea agreement should be in his criminal case.

  In March of 2020, Plaintiff filed the instant Complaint, alleging that the above actions have violated his Fourteenth Amendment rights. Plaintiff does not appear to seek monetary relief, but rather "a new attorney . . . who is willing to represent [him] accordingly." (ECF No. 1, at 6).

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*  According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678.  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994).

Plaintiff's claims fail as a matter of law because Defendant, as his public defender, was not acting under color of state law. *See, e.g.*, *Sutton v. Gloucester Cty. Prosecutors Office*, No. 13-6182, 2014 WL 2155349, at *3 (D.N.J. May 22, 2014); *Lovelace v. Shenkus*, No. 11-2916, 2011 WL 2149481, at *3 (D.N.J. May 31, 2011).

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant. *See also Vermont v. Brillon,* 129 S. Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Calhoun v. Young*, 288 F. App'x 47, 49 (3d Cir. 2008) (finding that a public defender representing a criminal defendant is not acting under color of state law).

Because Plaintiff complains of acts and omissions in regard to Defendant's traditional functions as a criminal defense attorney, such as plea bargaining and appealing motions, Defendant was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983. *See, e.g.*, *Lovelace*, 2011 WL 2149481, at *3.

Additionally, as relief, Plaintiff only seeks the appointment of counsel in his state proceedings. This Court, however, is "not the proper entity to appoint counsel in [plaintiff's] state criminal proceedings." *Avila v. Dominquez*, 294 F. App'x 748, 751 (3d Cir. 2008).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint with prejudice. An appropriate Order follows.

Dated: July 8, 2020                                              s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge